## FRANKFELD & Co. v. UNITED STATES (No. 1732).[1]

1. CONSTRUCTION, PARAGRAPH 419, TARIFF ACT OF 1913.

Paragraph 419, tariff act of 1913, contains no general language. Consequently, only the things named in it are classifiable under it.

2. CONSTRUCTION, PARAGRAPH 545, TARIFF ACT OF 1913—"MEATS."

Paragraph 545, tariff act of 1913, contemplates such "meats" only as are of everyday consumption and the subject of the meat-inspection laws of the country, its States, and municipalities.

3. CONSTRUCTION, PARAGRAPH 477, TARIFF ACT OF 1913—"DRUGS"—SIMILITUDE.

Paragraph 477, tariff act of 1913, levies duty upon such drugs only as are named and as are like the ones named in the paragraph.

4. PITUITARY GLANDS, HOW DUTIABLE.

The pituitary glands of calves, imported for the purpose of making from them a watery liquid hypodermically injected in obstetric work, are not classifiable under paragraph 419, tariff act of 1913, because not enumerated. The fact that they can be eaten is not sufficient to make them classifiable as "meats" under paragraph 545. They are not dutiable as "drugs" under paragraph 477, because not named and not like any of the things named in the paragraph. There is no proof identifying them with the "antitoxins, vaccine virus, and all other serums derived from animals and used for therapeutic purposes" of paragraph 400. So far as is shown by the record in this case, their classification as nonenumerated unmanufactured articles under paragraph 385 must be affirmed.

5. USE—ACTUAL, NOT POSSIBLE, THE TEST.

The fact that calves' pituitary glands, *actually* imported for use in making a medicine and *actually* so used, are *susceptible* of being eaten is not sufficient to make them classifiable as "meats," under paragraph 545, tariff act of 1913.

United States Court of Customs Appeals, November 2, 1916.

[Affirmed.]

*Crim & Wemple* (*William L. Wemple* and *George C. Winne* of counsel) for appellants.

*Bert Hanson*, Assistant Attorney General (*Robert Hardison*, special attorney, of counsel), for the United States.

[Oral argument Oct. 24, 1916, by Mr. Wemple and Mr. Hanson.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

DE VRIES, Judge, delivered the opinion of the court:

This appeal brings here for determination the proper dutiable classification, under the tariff act of 1913, of certain pituitary glands taken from calves and imported from Argentina. Pituitary glands are common to all animals, appearing on or under the surface of the

---

[1] Reported in T. D. 36805 (31 Treas. Dec., 437).

brain, their function being vital and in connection with that organ. In calves at least they hang to the brain by a little stem rather close up to the under surface of the brain, being included therewith in the brain pan. They are a separate and distinct body, structurally a gland. They are imported frozen for transportation purposes. While the entire gland is imported, only about one-sixth of it—the posterior lobe—is used. This is cut out, is about the size of a white bean, of a brownish red color, and made into pituitrates, a watery liquid hypodermically injected in obstetric work. The rejected portion is thrown away. The only use disclosed by this record for these eliminations is as food for cats. The record suggests the possibility that in the human consumption of brains as food they might accidentally be so eaten, though it fairly shows they are not imported for and are unfit for human consumption. They were unknown to import commerce at the time of the enactment of the present tariff law and are of recent importation.

Upon importation they were assessed for dutiable purposes by the collector of customs at the port of New York as nonenumerated unmanufactured articles, paragraph 385 of said act. The importers protested, claiming them free of duty either under paragraph 419 or 545 of said act, and in one protest (798048) the further claim is made for free entry under paragraph 477 of that act.

The Board of General Appraisers overruled all the protests, and the importers appeal to this court for a review of that decision.

Paragraph 419 reads:

419. Bladders, and all integuments, tendons and intestines of animals and fish sounds, crude, dried or salted for preservation only, and unmanufactured, not specially provided for in this section.

Unquestionably the testimony establishes that the articles are not one of these so enumerated, and there being no general language in the paragraph that claim fails.

Paragraph 545 provides:

545. Meats: Fresh beef, veal, mutton, lamb, and pork; bacon and hams; meats of all kinds, prepared or preserved, not specially provided for in this section: *Provided, however*, That none of the foregoing meats shall be admitted into the United States unless the same is healthful, wholesome and fit for human food and contains no dye, chemical, preservative, or ingredient which renders the same unhealthful, unwholesome or unfit for human food, and unless the same also complies with the rules and regulations made by the Secretary of Agriculture, and that, after entry into the United States in compliance with said rules and regulations, said imported meats shall be deemed and treated as domestic meats within the meaning of and shall be subject to the provisions of the act of June thirtieth, nineteen hundred and six (Thirty-fourth Statutes at Large, page six hundred and seventy-four), commonly called the meat-inspection amendment, and the act of June thirtieth, nineteen hundred and six (Thirty-fourth Statutes at Large, page seven hundred and sixty-eight), commonly called the food and drugs act, and that

the Secretary of Agriculture be and hereby is authorized to make rules and regulations to carry out the purposes of this paragraph, and that in such rules and regulations the Secretary of Agriculture may prescribe the terms and conditions for the destruction for food purposes of all such meats offered for entry and refused admission into the United States unless the same be exported by the consignee within the time fixed therefor in such rules and regulations.

It would seem sufficient to point out that the record fairly and clearly shows the importations not only unfit for human consumption but that their sole and exclusive use is otherwise. The possible accidental consumption of them as a part of calves' brains so consumed, which was only surmised by one witness, if true, would not be tantamount to or approximate satisfactory proof of such, no more than similar accidental consumption of particles of the shell of an egg or the hull of a nut would establish such excrescences suitable for human consumption. Moreover, the provisos to paragraph 545 make certain the intent of Congress in the use of the term "meats" therein to refer to those of everyday consumption, which are the subject of the meat-inspection laws of the country, its States and municipalities, of which these importations are not one.

Indeed, the sole use and purpose of importation of this article being as and for a hypodermic injection in the form of a "watery liquid," as testified by the importers' witness, shows that the thing of use was the extract from and not the meaty part of the gland. All else seems to have been useless and unused. It was not, then, meat for human consumption, as imported, but a substance not intended for and unfit for such, containing a watery liquid for medicinal purposes.

The remaining provision counted upon, paragraph 477, should also be quoted:

477. Drugs, such as barks, beans, berries, buds, bulbs, bulbous roots, excrescenses, fruits, flowers, dried fibers, dried insects. grains, gums, gum resin, herbs, leaves, lichens, mosses, logs, roots, stems, vegetables, seeds (aromatic, not garden seeds), seeds of morbid growth, weeds; any of the foregoing which are natural and uncompounded drugs and not edible and not specially provided for in this section, and are in a crude state, not advanced in value or condition by shredding, grinding, chipping, crushing, or any other process or treatment whatever beyond that essential to the proper packing of the drugs and the prevention of decay or deterioration pending manufacture: *Provided*, That no article containing alcohol shall be admitted free of duty under this paragraph.

While the terms of the similitude clause (par. 385) *ex vi termini* render it inapplicable to the free list, of which paragraph 477 is a member, yet the language of the latter expressly classes thereunder all "drugs, *such as*" those enumerated. There is, however, nothing in this record establishing, nor was was it seriously contended at the hearing, or is it in the briefs urged by appellants, that these importations

are in *any* particular or particulars " such as " any one of the things specifically named in paragraph 477. Certainly the importations do not respond in fact to any one of those descriptions.

Paragraph 400, providing for antitoxins, vaccine virus, and all other serums derived from animals and used for therapeutic purposes, is also counted upon in the protest cited, but was not urged either by brief or oral argument, and there is no proof in the record identifying these importations with any one of those enumerations.

Wherefore, upon this record, the appellants must fail.

*Affirmed.*